UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-26124-BKC-AJC
PROCEEDING UNDER CHAPTER 13

IN RE:

BLANCA B PERERA

DEBTOR                              /

### TRUSTEE'S MOTION TO DISMISS AND CERTIFICATE OF SERVICE OF NOTICE OF HEARING
### (Failure to provide income verification)

Nancy K. Neidich, Standing Chapter 13 Trustee, files this Motion to Dismiss for failure to provide income verification and states as follows:

1. This case was commenced voluntarily by the debtor with the filing of a Chapter 13 petition.

2. Based on information provided regarding the debtor's income prior to confirmation, the Trustee believed that the debtor's income was understated on the Schedule I or Statement of Current Monthly Income and Disposable Income Calculation (CMI form).

3. To avoid an evidentiary hearing on the debtor's income, the parties agreed to yearly income verification by providing the Trustee with copies of their tax returns each year. The debtors willingly included a provision in their plan to provide the Trustee with their tax returns and modify the plan. This particular provision was a negotiated agreement between the parties. The debtors benefitted from the agreement and the inclusion of this provision.

4. The debtor(s) have failed to provide the Trustee with their tax returns. The last tax returns provided to the Trustee was for the year ~~2016~~. *Need 2014 Rtns.*

5. The debtor's failure to comply with a term of a confirmed plan is the basis for a dismissal pursuant to 11 U.S.C. §1307(c)(6). The debtor proposed the plan and is bound by the terms of the plan pursuant to 11 U.S.C. §1327(c)(6). The failure to comply with the terms of the plan is a material default under 11 U.S.C. §1307(c)(6). See In re: Roberts 239 B.R. 592 (Bkrty R.I, 2000), 279 B.R. 396, (1st Cir.BAP (R.I.) 2000) and 279 F.3s 91, (1st Cir. 2002). See also In re: Valdez (10-37326-LMI ECF #136 entered November 24, 2014)

6. If the debtor(s) provide the tax returns and there is an issue of income, the Trustee may seek dismissal for failure to timely provide the tax returns, a statement of current disposable income and evidence with calculation of the debtor's expenses.

**WHEREFORE**, the Trustee requests that this case be dismissed with prejudice for 180 days and for any other such relief as may be deemed necessary by the court.

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing and the notice of hearing generated by ECF were served on Counsel for the Debtor(s) on ___SEP 2 5 2017___

and

By Mail:
DEBTOR
BLANCA B PERERA
13937 SW 10 ST
MIAMI, FL  33184

Via Electronic Service:
RICARDO R. CORONA, ESQ.

                                          NANCY K. NEIDICH, ESQUIRE
                                          STANDING CHAPTER 13 TRUSTEE
                                          P.O. BOX 279806
                                          MIRAMAR, FL 33027-9806

                                          By: /s/ _____

☐ Adisley Cortez-Rodriguez, Esq.
    FLORIDA BAR NO: 0091727

☐ Amy Carrington, Esq.
    FLORIDA BAR NO: 101877

☒ Jose Ignacio Miceli, Esq.
    FLORIDA BAR NO: 0077539

☐ Nancy K. Neidich, Esq.
    FLORIDA BAR NO: 441856